CHARLES ROBERTS *vs.* OLD COLONY RAILROAD COMPANY

Suffolk.   Nov. 13, 1877. — Jan. 2, 1878.   COLT & AMES, JJ., absent.
ENDICOTT, J., did not sit.

It is no ground for setting aside an award of a majority of arbitrators, which is according to the submission, and unobjectionable upon its face, that after the hearing, while the arbitrators were in consultation, the chairman expressed in a decided manner his views of the law of the case; that one of the arbitrators stated that he should rely upon the chairman's knowledge of the law; that the other arbitrator dissented from the chairman's view; that there was a heated and unfriendly discussion between the chairman and the dissenting arbitrator; and that afterwards the other two arbitrators refused to discuss the question further with the dissenting arbitrator.

TORT for malicious prosecution.

In the Superior Court at January term 1875, the case was referred, by agreement of parties and rule of court, to "Henry W. Paine, Esq., as chairman, and William Washburn and John D. Morton as associates, for hearing and final determination according to the rules and principles of law. The report of said referees or two of them to the said court shall be binding and conclusive upon the parties."

On June 29, 1875, the plaintiff filed in court a motion that the rule be discharged and the cause stand for trial by jury, for the following reasons:

"1. Because, since the hearing of the case, there has arisen a state of feeling between the referees which prevents them from giving a due consideration to the issues in the case.

"2. Because the chairman of the board of referees refused to confer with one of the referees, who differed with him, as to the law applicable to the case, or to hear his views, or to examine his authorities, or to give any consideration thereto.

"3. Because said referees will not give due consideration to the said case and make a proper report therein according to the law and the facts."

The plaintiff, on the same day, gave notice to the counsel of the defendant of the filing of this motion, and requested that no report should be filed until the motion could be heard.

On July 1, 1875, and before the motion could be heard, the defendant filed the following report, signed by Henry W. Paine and John D. Morton:

" After due notice to the parties, the three referees met them and heard their evidence and arguments ; and now, after careful consideration, being unable to agree, the two undersigned referees award and determine of and concerning the action submitted to the determination of them or two of them, and this is their final award and determination in the premises : That the plaintiff take nothing by his writ, and that neither party recover costs of the other; and they further award that said railroad company recover of the plaintiff one half the sum paid by the defendant to the referees as compensation for their services, which one half is seventy-five dollars.

" The third referee, having been present with the undersigned at all the hearings, and at all the deliberations of the referees, declines to sign this report."

The plaintiff thereupon moved to set aside the award for the following reasons : " 1. That said report was filed after and pending a motion by the plaintiff to discharge the rule of reference for the reasons set forth in said motion, and before the same was heard or any opportunity had been given to have the same heard.

" 2. That said report is against both the law and the equity applicable to the facts found by the referees as shown by the evidence on the trial.

" 3. That the majority of the referees refused to consult, as to the law applicable to the facts which they all agreed were proved, with the minority of the referees, or to examine with him the authorities which he produced or which were cited by the counsel on the trial.

" 4. That the majority of the referees did not give due consideration to the case before making the said report.

" 5. That a majority of the referees refused to report the facts and questions of law to the court for the determination of the court, which the minority requested should be done.

" 6. That injustice has been done the plaintiff by the said majority report."

The motions to discharge the reference and to set aside the report were heard together by *Pitman,* J. The plaintiff offered to prove that the referees substantially agreed upon the facts, and offered to prove what the facts so agreed upon by them

**were**; and also offered to prove that, after the evidence and arguments of counsel in the case had been heard, the chairman of the referees made the statement, "I have strong doubts whether a railroad corporation can be held for a malicious prosecution under any circumstances;" that he then proceeded to recite a portion of the facts, and, without consulting the other referees and without laying before them the authorities cited by counsel at the hearing, gave his opinion by saying, "I see no malice;" that at this state of the proceedings, one of the referees expressed some doubt as to the soundness of the chairman's opinion, and some discussion of the evidence followed, in the course of which the chairman admitted that a wrong had been done the plaintiff by the agents of the defendant corporation; that, after more fully agreeing upon the facts of the case, one of the referees called upon the chairman for the authorities cited by the counsel at the hearing, but he failed to produce them, but said at the same time that the cases " were as numerous as leaves in autumn; " that the referees then adjourned at the suggestion of the chairman, and nothing further was done at this meeting; that, at the same meeting, Mr. Morton, one of the referees, said to Mr. Washburn, one of the referees, that he did not suppose they should have much to do, as the chairman, Mr. Paine, would settle the law.

That, before the next meeting, Mr. Washburn looked up the authorities cited by counsel and such other authorities as seemed to him to have a bearing upon the case, and notified the chairman of the fact, and at the same time expressed to him at his office his unwillingness to make an award without more careful examination of the bearing of the evidence and the law applicable thereto; that at the next meeting of the referees, called by the chairman at his office, Mr. Washburn proposed, before making an award, to discuss the facts in connection with opinions of the Supreme Courts of Massachusetts and of other states, and some opinions of Mr. Justice Story in the Circuit Court of the United States, as to what constitutes legal malice and probable cause, which opinions he invited the referees to consider; that the chairman refused so to do, in the most positive manner; that at this Mr. Washburn expressed surprise, and called the attention of the other referee to the fact that Mr. Paine said he did

not want to hear anything from Mr. Washburn in relation to the matter, and Mr. Paine also inquired of him, at the time he so refused to hear him, what he, Mr. Paine, was put there for, if not to settle the law, and said he had been a lawyer forty years, and inquired of what use it would be for him to discuss the law with Washburn; that he still insisted that Mr. Paine was wrong in his law, and asked him if he was not liable to mistake as most men are, and again asked him if he would not hear him; that Mr. Paine replied, " No, I will not discuss the matter at all with you; " that, after repeated refusals of Mr. Paine to hear Mr. Washburn, he, Washburn, told him that he deemed such refusal to be an insult to him, whereupon Mr. Paine arose from his seat, greatly agitated, and seized Washburn violently by the collar and attempted to thrust him out of the office, but did not succeed; that then Mr. Paine hastily opened the door out of the office and approached Washburn in a threatening attitude, when Mr. Washburn asked him to be seated; that Mr. Paine then proceeded to make an award without discussing the case, except to inquire what sum should be fixed for the services of the referees; that Washburn protested against making any award in the case until the law of the case had been fully and fairly considered by the referees, and also asked to have a statement of the facts agreed upon accompany any award that should be made, all of which Mr. Paine refused; that Washburn then asked for an adjournment, which the other two referees also refused, and Mr. Morton said in a petulant manner, " I have spent time enough; Mr. Paine has decided the law, and that is enough for me."

The defendant denied the allegations of the motions and also the statements of the offer of proof, and contended that, if true, they would not, as a matter of law, be sufficient for rejecting the award.

The judge ruled, as a matter of law, that the proof offered, under the objections filed to the acceptance thereof, did not entitle the plaintiff to have the award set aside, and refused to discharge the rule, and ordered judgment on the award for the defendant; and the plaintiff alleged exceptions.

*A. A. Ranney & R. Lund,* for the plaintiff.

*C. F. Choate & J. H. Benton, Jr.,* for the defendant.

MORTON, J.    The parties having submitted their case to arbitration, and a majority of the arbitrators having made an award, which is according to the submission and is unobjectionable upon its face, the award is *primâ facie* binding and conclusive upon the parties.    The burden of proof is upon the plaintiff who seeks to avoid it.    Upon examining the plaintiff's objections to the award, and the offer of proof made by him in support of his objections, we are unable to see that they disclose any fraud, collusion or other misconduct on the part of the arbitrators, which ought to avoid the award.    All the material facts which the plaintiff offered to prove are, that after the hearing, while the arbitrators were in consultation, the chairman expressed in a decided manner his views of the law of the case ; that one of the arbitrators stated that he should rely upon the chairman's knowledge of the law ; that the other arbitrator dissented from the chairman ; that there was a heated and unfriendly discussion between the chairman and dissenting arbitrator, and that afterwards the other two arbitrators refused to discuss the question further with him.    It was the right and duty of the chairman to express his opinion of the law, and it was exclusively within the discretion of each associate arbitrator to decide how far he would rely upon that opinion.    It was also clearly within the discretion of the majority of the arbitrators to determine how long they would continue the discussion of the case.    The further fact alleged, that two of the arbitrators became excited during the discussion, furnishes no reason for setting aside the award deliberately made by the majority.    No error is shown in the ruling of the Superior Court refusing to set aside the award and ordering judgment thereon for the defendant.

*Exceptions overruled.*